■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH WALKER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's only contention on this appeal is that the court erred in declining to charge that the jury could find him guilty of the crime of criminally negligent homicide (Penal Law, § 125.10) as a lesser included crime of murder in the second degree and manslaughter in the first degree. Upon this record the court properly refused such charge. The court did charge down to manslaughter in the second degree. The evidence was that defendant and his victim, a tenant, had been drinking in defendant's "sitting" room and they argued about the failure of the victim to pay his rent. Defendant ordered him to pay or get out. The victim refused to leave. Defendant went into his bedroom and got a shotgun which he had owned for 29 years, and brought it out and cocked it; but then decided that "it wasn't worth it" and replaced the gun in his bedroom. When defendant returned to the sitting room the victim "started cussing" him again and taunting him to "go get your thing", for he (the victim) was not "going anywhere". At no time did the victim threaten the defendant. Yet defendant then again got his gun and from a distance of five feet "blasted" the victim, killing him. He then told a friend present to call the rescue squad. Murder in the second degree (Penal Law, § 125.25) and manslaughter in the first degree (Penal Law, § 125.20) require proof of *scienter*. Manslaughter in the second degree is the reckless causing of the death of another under circumstances wherein

the defendant perceives the risk of his act against the victim but recklessly disregards it (Penal Law, § 125.15). It still requires an intentional harming of the victim (see *People v Cruciani,* 36 NY2d 304). Even if defendant's intoxication in this case was a factor in his action, his voluntary intoxication constituted reckless conduct so as to cause his action to amount at least to manslaughter in the second degree (Penal Law, §§ 125.15, 15.25; see *People v Koerber,* 244 NY 147, 151), which the court charged. He was convicted of manslaughter, first degree. Criminally negligent homicide occurs when the defendant fails to perceive a substantial and unjustifiable risk of death to the victim (Penal Law, § 15.05, subd 3). Under the circumstances of this shooting, defendant using a gun which he had owned for 29 years, and having on at least one occasion brought out the gun and returned it on reflecting that "it was not worth it", and then getting it again and shooting point blank at the victim from a distance of five feet, there is no reasonable ground for finding the defendant guilty of criminally negligent homicide but not guilty of manslaughter in the first or second degree (CPL 300.50, subd 1; *People v Mussenden,* 308 NY2d 558, 563; cf. *People v Strong,* 37 NY2d 568, 570-571; *People v Stanfield,* 36 NY2d 467; *People v Usher,* 39 AD2d 459, affd 34 NY2d 600). Hence there was no basis for charging criminally negligent homicide *(People v Wall,* 34 AD2d 215, affd 29 NY2d 863; *People v Davis,* 49 AD2d 437, 444). (Appeal from judgment of Erie Supreme Court—manslaughter, first degree.) Present—Moule, J. P., Dillon, Goldman and Witmer, JJ.