■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BARCLIFT, Appellant.

The evidence adduced at the suppression hearing supports the court's determination that the defendant voluntarily consented to accompany the detectives to the station house for questioning. That consent obviated the need to show that the detectives had probable cause to detain the defendant when he was transported to the station, and the court properly denied that branch of his omnibus motion which was to suppress his statements on that ground *(see, People v Hodge,* 44 NY2d 553; *People v Bryant,* 50 NY2d 949, *cert denied* 449 US 958; *People v Thomas,* 128 AD2d 910).

The defendant contends that he was prejudiced because the People failed to disclose certain police reports prior to the suppression hearing which were relevant to the issue of his alleged intoxication at the time he was given the *Miranda* warnings. Despite the contention that these reports were material, the defendant failed to move to reopen the suppression hearing. We find that any prejudice to the defendant from the People's failure to disclose this material earlier was minimal. The reports do not include observations of the defendant's condition at the time he was questioned by the detec-

tives, and the information was produced prior to cross-examination of the detectives at the trial on the issue of the voluntariness of the defendant's statements *(see, People v Brown,* 67 NY2d 555, *cert denied* 479 US 1093).

On the facts presented at the trial, the court properly refused the defendant's request to charge criminally negligent homicide (Penal Law § 125.10) as a lesser included offense under manslaughter in the second degree (Penal Law § 125.15). In order to charge a crime as a lesser included offense, the two-part test in *People v Green* (56 NY2d 427, 430, *rearg denied* 57 NY2d 775) must be satisfied. Here the first criterion is met in that it is theoretically impossible to commit the crime of manslaughter in the second degree without at the same time committing the crime of criminally negligent homicide. The result and the defendant's conduct are the same, only the level of mental culpability is different *(see, People v Stanfield,* 36 NY2d 467). However, the second criterion of the test is not satisfied in that there is no reasonable view of the evidence that would permit the jury to find that the defendant committed the lesser offense but not the greater *(People v Green, supra).* The jury could not reasonably find that a person who inflicted numerous stab wounds on his victim, including two to the chest area, failed to perceive the risk that his actions would cause death (Penal Law § 15.05 [4]). Although there was evidence that the defendant had been drinking, under Penal Law § 15.05 (3) a person who is unaware of the risk he has created because of voluntary intoxication is considered to have acted recklessly, not negligently.

There is merit to the defendant's contention that the People should not have been permitted to introduce at the trial a statement by the defendant which differed from the statement contained in a notice pursuant to CPL 710.30 and from the statement introduced at the suppression hearing *(see, People v Goodson,* 57 NY2d 828; *People v Briggs,* 38 NY2d 319). Nevertheless we find that the error was harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

We find the defendant's remaining contentions to be without merit. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.