■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DEGRAW, JR., Appellant■■■■■■■■
■■■■■■ Memorandum: Defendant was convicted of murder in the second degree in the death of his fiancée, Kathy Dunham. The victim was found with 10 .22 caliber bullet wounds in her head, face, breast, ribs, shoulder and neck. We reject defendant's claims that proof of intent was legally insufficient to support the murder conviction *(see, People v Milea,* 112 AD2d 1011, *lv denied* 66 NY2d 921) and that the court erred by refusing to charge manslaughter in the second degree and criminally negligent homicide as lesser included offenses *(see, People v Hartley,* 103 AD2d 935, *affd* 65 NY2d 703).

Defendant's claim that he was deprived of the effective assistance of counsel also lacks merit. The record supports the view that a motion to suppress defendant's statements, if made, would have been unsuccessful, and that the prosecutor's remarks during summation were either a fair response to the defense summation or a fair commentary upon the evidence. Hence, any objections to comments on summation also would have been unsuccessful. Viewed in its totality, trial counsel's representation was meaningful *(see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Torrence,* 135 AD2d 1075).

The People satisfied their burden of proving geographic jurisdiction by a preponderance of the evidence *(People v Moore,* 46 NY2d 1). The court received a handwritten map merely as a guide to the route the police followed to find the

victim's body, and not for venue purposes. Any error in the admission of the printed map of Orleans County was harmless as there is no reasonable likelihood that a different result would have obtained had the exhibit been excluded. (Appeal from judgment of Orleans County Court, Miles, J.—murder, second degree.) Present—Dillon, P. J., Green, Pine, Balio and Davis, JJ.