■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered September 21, 1987, convicting him of menacing and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal, the defendant argues that he was denied his due process right to a fair trial when the District Attorney inquired on cross-examination as to the underlying facts of his prior convictions for manslaughter and arson.

We disagree with defendant's argument. The extent to which such cross-examination is allowed is a matter within the broad discretion of the trial court (People v Pavao, 59 NY2d 282, 292). Moreover, the trial court did not improvidently exercise its discretion in the instant case, since both the manslaughter and arson convictions demonstrated the defendant's willingness to place his self-interest above that of society (People v Pavao, supra; People v Hatch, 94 AD2d 970). In any event, the defendant did not suffer any prejudice in this nonjury trial. As the Court of Appeals stated in People v Moreno (70 NY2d 403, 406, quoting from People v Brown, 24 NY2d 168, 172): "Unlike a lay jury, a Judge 'by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision". Mollen, P. J., Brown, Kooper and Eiber, JJ., concur.