■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LIM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 10, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second

degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On October 15, 1987, the victim and his girlfriend were walking down the street when a car, whose radio was playing loudly, pulled into a driveway in front of them. The victim sang along with the radio and the driver of the car stepped out and cursed at the victim. After an initial confrontation, the defendant walked into his house, came back out, started fighting with the victim, and shot him. The victim's girlfriend, who was the only eyewitness, testified that the victim did not struggle or try to put up a fight.

Viewing the evidence in the light most favorable to the defendant (see, People v Martin, 59 NY2d 704, 705), we find no reasonable view of the evidence which would support a finding that the defendant committed manslaughter in the second degree but did not commit murder in the second degree (see, CPL 300.50 [1]; People v Ford, 62 NY2d 275, 281). The defendant's conduct precluded a reasonable jury from finding that he had acted recklessly and not intentionally (see, Penal Law § 125.15 [1]; § 125.25 [1]; People v Ochoa, 142 AD2d 741; People v Bell, 111 AD2d 926; People v Hartley, 103 AD2d 935, affd 65 NY2d 703). Therefore, the trial court did not err in refusing to charge the lesser included offense of manslaughter in the second degree.

The evidence adduced at the suppression hearing supports the court's determination that the defendant voluntarily consented to go to the police precinct to be photographed and fingerprinted. The People met the initial burden of showing the legality of the police conduct, and the defendant, by his own testimony, confirmed his voluntary consent (see, People v Wise, 46 NY2d 321, 329; People v Gonzalez, 39 NY2d 122, 128-130; People v Barclift, 140 AD2d 615).

The defendant's remaining contentions are unpreserved for appellate review (see, People v Autry, 75 NY2d 836; People v Vasquez, 66 NY2d 968, cert denied 475 US 1109; People v Love, 57 NY2d 1023; People v West, 56 NY2d 662), and we decline to consider them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.