■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NEAL JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 23, 1988, convicting him of murder in the second degree (two counts), manslaughter in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing indeterminate terms of imprisonment of 25 years to life on each of the murder counts and 5 to 15 years on the manslaughter count, to run concurrently to each other, and 5 to 15 years on the weapons count to run consecutively to all other terms of imprisonment imposed.

Ordered that the judgment is modified, on the law, by deleting the provision that the indeterminate term of imprisonment imposed upon the conviction for criminal possession of a weapon in the second degree shall run consecutively with the other terms of imprisonment imposed, and substituting therefor a provision that all the terms of imprisonment run concurrently to each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence adduced by

the People was legally insufficient to establish his guilt is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245), and, in any event, is without merit *(see, People v Contes,* 60 NY2d 620).

Having reviewed the defendant's various claims of error with respect to the court's charge to the jury, we find that, viewing the instructions in their entirety, they adequately conveyed to the jury the appropriate standards *(see, People v Graziano,* 151 AD2d 775, 775-776).

We further find that the court properly declined to charge criminally negligent homicide as a lesser-included offense of manslaughter in the second degree since there is no reasonable view of the evidence which would support a finding that the defendant was not aware of the substantial and unjustifiable risk of death attendant to waving a loaded gun in the victim's face *(see,* CPL 300.50 [1]).

However, since the defendant's possession of the loaded handgun and the shooting of the victim were both committed through a single act, we agree that the sentence imposed for the crime of criminal possession of a weapon in the second degree should run concurrently with the sentences imposed for murder in the second degree and manslaughter in the second degree, and the defendant's sentence is modified accordingly *(see,* Penal Law § 70.25 [2]; *see also, People v Billups,* 132 AD2d 612). We find no merit to the claim that the sentence imposed was excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.