■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STEPHENS, Appellant. [603 NYS2d 514] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 15, 1991, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to a fair trial was violated by the prosecutor's use of peremptory challenges to exclude African-American women from the jury. Initially, we note that this argument is unpreserved for appellate review since the defense counsel did not move for a hearing or a mistrial and failed to set forth the necessary facts or circumstances from which the trial court could have inferred a purpose of discrimination *(see, People v Smith,* 81 NY2d 875; *People v Rosado,* 166 AD2d 544, 545). In any event, the prosecutor offered a sufficient race-neutral explanation for the juror's exclusion *(see, People v Epps,* 176 AD2d 293).

The defendant also contends that the trial court erred in failing to submit to the jury the lesser included offense of criminally negligent homicide. We find that, viewing the evidence in a light most favorable to the defendant, there was no reasonable view of the evidence which would have supported a charge of criminally negligent homicide. The defendant fired a gun once between the legs of the victim's compan-

ion in order to scare him and then fired again. This time, however, the victim jumped in the path of the bullet, was hit in the chest, and died. "Under no view of the evidence can it be said that defendant failed to perceive the grave risk that the weapon was operable and loaded, and that his act of pulling the trigger would result in the death of [the victim]" *(People v Kanelos,* 107 AD2d 764; *People v Randolph,* 81 NY2d 868, 869; *People v Jenkins,* 176 AD2d 348, 349).

We find that the defendant's sentence was not unduly harsh or excessive. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.