OPINION OF THE COURT
 

 Memorandum.
 

 The Appellate Division order should be affirmed.
 

 A two-pronged showing is required to establish entitlement to a lesser included offense charge. First, it must be shown that the additional offense is a lesser included offense within the meaning of CPL 1.20 (37). Second, the requesting party must show that there is a reasonable view of the evidence in the particular case that would support a finding that the defendant committed the lesser included offense, but not the greater (CPL 300.50 [1];
 
 People v Glover,
 
 57 NY2d 61, 63).
 

 It is undisputed here that criminally negligent homicide is a lesser included offense of manslaughter in the second degree
 
 (see, People v Stanfield,
 
 36 NY2d 467). Moreover, the fact that defendant intentionally stabbed Golofit does not preclude a finding that defendant committed criminally negligent homicide. In criminal negligence, a person acts with the requisite culpable mental state when such person fails to perceive a substantial and unjustifiable risk that the act in question will cause the statutorily described result (Penal Law § 15.05 [4]). In the context of criminally negligent homicide, criminal negligence analysis focuses on the actor’s awareness of the risk that death will result from the act, not whether the underlying act is intentional. Here, a reasonable view of the record evidence supports a finding that defendant was not aware that stabbing Golofit would result in his death.
 

 Defendant’s claim that certain remarks made by the prosecutor during summation were so prejudicial as to deprive him of a fair trial is unpreserved for this Court’s review. Following the Trial Judge’s curative instructions, defense counsel neither objected further, nor requested a mistrial. Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant’s satisfaction
 
 (People v Williams,
 
 46 NY2d 1070, 1071).
 

 
 *945
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.