OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant’s claim that the prosecutor’s use of peremptory challenges to strike African-American women from the jury violated the ruling of
 
 Batson v Kentucky
 
 (476 US 79) is not preserved for our review.
 

 In 1986, the Supreme Court ruled in
 
 Batson
 
 that a prosecutor’s use of peremptory challenges to deliberately exclude African-Americans from the jury solely on the basis of their race unconstitutionally discriminated against the excluded jurors. Not until this year did that Court extend the equal protection analysis of
 
 Batson
 
 to include discriminatory strikes based on the gender of the prospective juror
 
 (see, J.E.B. v Alabama ex rel. T.B.,
 
 511 US —, 114 S Ct 1419). Thus, at the time of defendant’s 1991 trial, neither this Court nor the Supreme Court had ruled that a
 
 Batson
 
 claim could be based, in whole or in part, on impermissible gender discrimination.
 

 Defendant’s claim that African-American women, because they have been subjected to a particularized form of discrimination based on the combination of their race with their gender, constitute a separately cognizable group for
 
 Batson
 
 purposes was not asserted either implicitly or explicitly before the trial court. Although defense counsel alluded on occasion to the gender of the excluded members of the venire, it is clear that his use of gender terms was purely descriptive, not categorical. Defense counsel objected to the prosecutor’s exclu
 
 *992
 
 sion of "black female jurors” and "black woman jurors”, but objected as well to the exclusion of "black males” and, most frequently, the exclusion of "black jurors”. Moreover, defendant’s motion for a mistrial was based solely on the race of the jurors peremptorily dismissed by the prosecutor. Defendant’s
 
 Batson
 
 claim was thus never articulated as one based on a combination of race and gender, and never presented to the trial court in those terms. The trial court’s remarks make it clear that the court understood that defendant’s
 
 Batson
 
 claim was grounded solely in the race of the excluded jurors, and defense counsel did not attempt to clarify for the court that his objection had any gender-based component. The general rule requiring a defendant to preserve his claims for appellate review ordinarily applies to claims of error involving State and Federal constitutional rights, and defendant is accordingly foreclosed from arguing before this Court that African-American women constitute a cognizable group for purposes of the
 
 Batson
 
 analysis
 
 (see, People v Iannelli,
 
 69 NY2d 684,
 
 cert denied
 
 482 US 914).
 

 We have considered defendant’s remaining contention and find it without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.