■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD LUCAS, Appellant. [656 NYS2d 662] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered May 22, 1995, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The court did not err in refusing to charge criminally negligent homicide as a lesser included offense of manslaughter in the second degree. A lesser included offense is properly charged when it is impossible to commit the greater offense without, by the same conduct, committing the lesser included offense, and a reasonable view of the evidence supports a finding that the defendant committed the lesser offense but not the greater (see, People v Heide, 84 NY2d 943, 944; People v Green, 56 NY2d 427, 430). While criminally negligent homicide can be a lesser included offense of manslaughter in the second degree (see, People v Heide, supra; People v Edwards, 235 AD2d 348; People v Barclift, 140 AD2d 615), in this case there is no reasonable view of the evidence, viewed in the light most favorable to the defendant, that the defendant failed to perceive the risk of causing death when he fired several shots in close proximity to the victim (see, People v Randolph, 81 NY2d 868; People v Wall, 29 NY2d 863; People v Stephens, 198 AD2d 245, affd 84 NY2d 990; People v Jenkins, 176 AD2d 348; People v DeGraw, 140 AD2d 984; People v Barclift, supra; People v Williams, 192 AD2d 737).

The defendant's remaining contention is without merit. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.