■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO JOSE GIL, Also Known as PEDRO GILL, Also Known as CHELO, Appellant. [674 NYS2d 651] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered May 26, 1995, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The court acted within its discretion in determining that the interpreter provided by the prosecution during defendant's

Grand Jury testimony was competent and denying defendant's request for a hearing on this subject. There is no indication in the Grand Jury minutes that any serious error in translation occurred (*see, People v Reddish,* 156 AD2d 195, *lv denied* 75 NY2d 923). Any confusion between the words "aim" and "throw" was resolved later in defendant's testimony; defendant's claim of prejudice rests on speculation.

We see nothing in the highly-publicized scheduling conflict between defense counsel's appearances in the instant case and the O.J. Simpson trial, or its aftermath including its mention in a book written by the Trial Justice, that would entitle this defendant to a new trial. The court properly denied defendant's request that it recuse itself. Defendant's current claim that the court improperly withheld from the parties some personal interest in the case based upon an alleged book contract in effect at the time of trial is not reviewable on appeal because there is no record to support defendant's various speculative claims, such as that such a contract was in effect at the time of trial and that the court somehow deliberately promoted a scheduling controversy so that the court might include reference to the scheduling problem in a book published many months after sentencing herein. We perceive no misconduct on the part of the court by mere reference in a subsequently published book to a scheduling conflict that was resolved prior to the start of the trial herein (*see, People v Horton,* 18 NY2d 355, 361, *cert denied* 387 US 934).

The court appropriately exercised its discretion in admitting a videotape of the crime scene, for the purpose of assisting the jurors in considering the issues before them (*see, People v Mirenda,* 23 NY2d 439, 453). The videotape clearly was not intended to be, nor was it offered as, a reenactment. The court's repeated instructions to the jurors to disregard the positions of vehicles and individuals seen in the videotape as irrelevant to any issue before them, as well as the court's reminder to the jurors that the video technician admittedly had used a zoom lens feature during certain portions of the film, assured that the jurors would not improperly consider the videotape to be a reenactment of any of the events in question, nor be improperly influenced regarding defendant's position or view at the time in question. The court's curative instructions were appropriate and presumably were understood and followed by the jury (*People v Moore,* 71 NY2d 684, 688). In addition, the court-directed crime scene visit further assured that the videotape would not be utilized for improper purposes.

The court also appropriately exercised its discretion in

precluding proposed expert testimony regarding general misconceptions about the laws of physics, where the issue of defendant's mental state when he threw a heavy bucket off a roof, resulting in the death of a police officer, was a factual and credibility issue that the jury could evaluate without the proposed expert testimony (see, *People v Mooney*, 76 NY2d 827). In this connection, we note that defendant was permitted to offer the testimony of an expert in the field of physics, as well as the testimony of a psychologist who had examined defendant and offered his opinion regarding defendant's ability to appreciate the risk involved in his actions. In any event, the expert's testimony, even if admitted, had no reasonable possibility of affecting the jury's verdict of manslaughter in the second degree. There was ample evidence of recklessness, even accepting defendant's contention that he intended the bucket to land safely on a clear sidewalk.

We perceive no abuse of discretion in sentencing. Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.