■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HOLLOWAY, Appellant. [693 NYS2d 153] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered March 19, 1996, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree and manslaughter in the first degree. The jury acquitted the defendant of both counts, which were presented in the alternative. The court also charged manslaughter in the second degree as a lesser-included offense of murder in the second degree, but refused to permit the jury to consider criminally negligent homicide as a lesser-included offense of manslaughter in the first degree.

The defendant contends that the trial court erred in refusing to charge criminally negligent homicide. Criminally negligent homicide is a lesser-included offense of manslaughter in the first degree (*see, People v Stallings,* 128 AD2d 908, 910). However, in this case of death caused by repeatedly kicking, and slamming a metallic door against, the head of an already immobilized and bleeding man, no reasonable view of the evidence would have supported the conclusion that the defendant committed the lesser, but not the greater, offense (*see, People v Fletcher,* 252 AD2d 531). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.