THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENEO BROWN, Appellant. [704 NYS2d 416] —Judgment unanimously affirmed. Memorandum: Defendant's appellate counsel and defendant in his *pro se* supplemental brief contend that Supreme Court erred in refusing to charge criminally negligent homicide as a lesser included offense of manslaughter in the second degree. We disagree. Although criminally negligent homicide can be a lesser included offense of manslaughter in the second degree (*see, People v Heide*, 84 NY2d 943, 944), there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater. The record establishes that defendant fired three shots in the direction of decedent and a third person who were allegedly harassing him. Under those circumstances, there is no reasonable view of the evidence that defendant failed to perceive the risk of causing death to decedent to support a charge of criminally negligent homicide (*see, People v Lucas*, 238 AD2d 524, 525, *lv denied* 90 NY2d 860, 907; *People v Perkins*, 229 AD2d 981, *lv denied* 88 NY2d 1023; *People v Stephens*, 198 AD2d 245, *affd* 84 NY2d 990).

Defendant further contends in his *pro se* supplemental brief that the court committed reversible error in denying defense counsel's challenge for cause to a prospective juror. Because the record does not establish that defendant exhausted his peremptory challenges before jury selection was concluded, the alleged error would not require reversal (*see*, CPL 270.20 [2]).

We likewise reject the contention of defendant in his *pro se* supplemental brief that the prosecutor improperly exercised peremptory challenges to excuse an African-American prospective juror. The prosecutor's explanation for excusing that prospective juror was race-neutral, and defendant failed to satisfy his burden of showing that the prosecutor's exercise of the peremptory challenge was purposefully discriminatory (*see, Batson v Kentucky*, 476 US 79, 94; *People v Hernandez*, 75 NY2d 350, 355, *affd* 500 US 352; *People v Simmons*, 171 AD2d 1053, *affd* 79 NY2d 1013).

We have reviewed the remaining contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Manslaughter, 2nd Degree.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.