■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA GROSS, Appellant. [751 NYS2d 814] —Appeal from a judgment of Monroe County Court (Bristol, J.), entered April 10, 1998, convicting defendant after a jury trial of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly causing the death of her five-year-old daughter by failing to feed her properly and failing to obtain medical treatment for her. We agree with defendant that reversal is required based on County Court's failure to charge criminally negligent homicide (§ 125.10) as a lesser included offense. Criminally negligent homicide is a

lesser included offense of manslaughter in the second degree (*see People v Heide,* 84 NY2d 943, 944), and there is a reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63; *cf. People v Brown,* 269 AD2d 817, *lv denied* 95 NY2d 794).

Defendant further contends that the court erred in admitting the testimony of a physician that the consumption of cocaine and alcohol by defendant during her pregnancy led to her daughter's developmental problems. We agree with defendant that the testimony was highly prejudicial and not relevant and that the court therefore erred in admitting it (*see People v Ventimiglia,* 52 NY2d 350, 358-359; *People v Woodall,* 289 AD2d 1008, *lv denied* 97 NY2d 763, *cert denied* — US —, 123 S Ct 282). Only the current medical condition of the child, not the underlying cause of her disabilities, was at issue. Although the court issued a limiting instruction to the jury, stating that the testimony was admitted to assist the jurors in understanding "the physiological reasons contributing to [the child's medical condition], and really the broader expository context of her medical situation," that limiting instruction was insufficient to cure the error. Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.