■ In the Matter of KORON B., a Person Alleged to be a Juvenile Delinquent, Appellant. [757 NYS2d 265] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about March 7, 2002, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the second degree and unlawful possession of a weapon by a person under 16, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. The element of recklessness required under the assault and reckless endangerment counts was established beyond a reasonable doubt. The evidence warranted the conclusion that, when appellant removed the magazine from a pistol, pointed the pistol in the complaining witness's general direction and squeezed the trigger, causing a chambered round to strike the complaining witness, appellant consciously disregarded the substantial and unjustifiable risk that, due to his inexperience with firearms, he might be mistaken as to whether the pistol was still capable of firing (*see People v Reynoso*, 231 AD2d 454 [1996], *lv denied* 89 NY2d 928 [1996]; *People v Johnson*, 205 AD2d 707 [1994], *lv denied* 84 NY2d 868 [1994]). A finding of recklessness is not necessarily precluded by evidence that a person engaged in dangerous activity took precautions to avoid an accident; such a finding may be predicated, where appropriate, on the actor's disregard of a substantial and unjustifiable risk that such precautions might be inadequate to prevent harm (*see e.g. People v Narimanbekov*, 258 AD2d 417 [1999]; *People v Gil*, 251 AD2d 121, 123 [1998], *lv denied* 92 NY2d 982 [1998]). Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.