THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT R. MACDONALD, Appellant. [880 NYS2d 799]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 19, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts) and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of rape in the first degree (Penal Law § 130.35 [1]) and one count of conspiracy in the fourth degree (§ 105.10 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the contention of defendant that he was denied a fair trial by County Court's denial of his motion to subpoena the psychiatric records of an accomplice who testified against him in order to ascertain the medications being taken by the accomplice. Inasmuch as defendant was afforded the opportunity to cross-examine the accomplice concerning any medications taken by him and failed to do so, we cannot conclude that defendant was deprived of his right to a fair trial by the court's denial of his motion.

Contrary to defendant's further contention, the court did not abuse its discretion by admitting in evidence expert testimony concerning rape trauma syndrome. Such testimony "may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000]; *see also People v Hryckewicz*, 221 AD2d 990 [1995], *lv denied* 88 NY2d 849 [1996]). We further conclude that the court properly refused to dismiss the indictment on the ground of improper geographical jurisdiction, inasmuch as the People established by a preponderance of the evidence that defendant and his accomplices conspired to commit rape in Onondaga County (*see* CPL 20.40 [1] [b]; *People v Moore*, 46 NY2d 1, 6 [1978]; *People v DeGraw*, 140 AD2d 984 [1988]). Furthermore, the People established that the rapes occurred in a vehicle during the course of a trip between counties, and thus the offenses "may be prosecuted in

any county through which such vehicle passed in the course of such trip" (CPL 20.40 [4] [g]; *see People v Curtis*, 286 AD2d 901 [2001], *lv denied* 97 NY2d 728 [2002]). Present—Scudder, P.J., Peradotto, Green and Gorski, JJ.