■ The People of the State of New York, Respondent, v Jayson Smith, Appellant. [879 NYS2d 717]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered November 21, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to term of four years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification.

The record does not support defendant's claim that the People made a belated, midtrial disclosure of *Rosario* (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) material. Instead, it supports the conclusion that the People made marked photocopies of prerecorded buy money, containing an officer's annotations, available to defendant for inspection prior to opening statements (*see* CPL 240.45 [1] [a]). In any event, regardless of the timing of the disclosure, there is no basis for reversal (*see* CPL 240.75), because the annotations were insignificant in the context of the case, defendant was able to cross-examine the officer about them, and defendant has not established any adverse effect on his trial strategy.

When a witness gave testimony that the court had previously precluded, the court directed the jury to disregard this testimony and defendant did not request any further remedy. Therefore, defendant did not preserve his present argument concerning this evidence (*see People v Heide*, 84 NY2d 943 [1994]), and we decline to review it in the interest of justice. As an alternative holding, we find that the curative instruction was sufficient to prevent any prejudice. Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ.