■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MADSEN, Appellant. [957 NYS2d 11]—

Defendant's claim that the evidence was legally insufficient to disprove his agency defense is unpreserved and, we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). In this observation sale case, defendant's agency defense rested primarily on defendant's testimony, which was materially contradicted by his written statement to police and his grand jury testimony, and there is no basis for disturbing the jury's credibility determinations.

Defendant's challenges to the prosecutor's summation are unpreserved, notwithstanding his postsummation objections (see People v Romero, 7 NY3d 911, 912 [2006]). Moreover, to the extent these belated objections included a request for a curative instruction regarding a misstatement of law made by the

prosecutor, the court gave an instruction addressing this issue, but omitting language requested by defendant. Since defendant failed to request any further relief, the court's curative action "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Whalen*, 59 NY2d 273, 280 [1983]). We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). To the extent there were any improprieties in the summation, the court's curative actions during the summation, as well as its final charge to the jury, were sufficient to prevent any prejudice. Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.