■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT BRUNO, Appellant. [6 NYS3d 656]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered February 9, 2012, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The top count of the indictment charged the defendant with manslaughter in the first degree (Penal Law § 125.20 [1]). At a nonjury trial, the defendant's mens rea at the time of the incident was vigorously contested. The Supreme Court found the defendant not guilty of manslaughter in the first degree, but found him guilty of manslaughter in the second degree and criminal possession of a weapon in the fourth degree.

The defendant contends that his conviction of manslaughter in the second degree was against the weight of the evidence. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Delamota*, 18 NY3d 107, 116-117 [2011]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The defendant's claim is based upon counsel's withdrawal, during his summation, of his prior application, made at the commencement of this nonjury trial, to include the charge of criminally negligent homicide as a lesser-included offense of manslaughter in the second degree, and upon counsel's concession that the People had proven the elements of manslaughter in the second degree beyond a reasonable doubt. "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but

varies according to the unique circumstances of each representation" (*People v Baldi*, 54 NY2d 137, 146 [1981]). The critical issue is whether, viewing the evidence, the law, and the circumstances of the case together as of the time of representation, defense counsel provided meaningful representation (*see People v Hobot*, 84 NY2d 1021 [1995]; *People v Benn*, 68 NY2d 941 [1986]; *People v Baldi*, 54 NY2d at 146). Moreover, under the federal standard, to prevail on a claim of ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington*, 466 US 668, 688, 694 [1984]; *see People v Bodden*, 82 AD3d 781 [2011]).

Here, there is no reasonable view of the evidence, viewed in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), that would support a finding that the defendant acted with criminal negligence (*see People v Cameron*, 244 AD2d 350, 351 [1997]; *People v Lucas*, 238 AD2d 524, 525 [1997]; *People v Williams*, 192 AD2d 737, 738 [1993]). The victim was killed when the defendant pointed a gun at him and pulled the trigger. The evidence established that, just before the fatal gunshot, the gun had been fired at least twice in the defendant's presence. Moreover, the victim's two friends testified that the defendant had been pointing the gun at the victim and his two friends and that the victim told the defendant to stop "playing" with the gun. Immediately thereafter, the defendant pointed the gun at the victim and pulled the trigger. At trial, the parties stipulated that a ballistics expert would testify that the magazine was in the gun and one round of ammunition was in the chamber when it was recovered at the scene. This evidence established the reckless, rather than negligent, nature of the defendant's actions (*see Matter of Koron B.*, 303 AD2d 314 [2003]; *People v Reynoso*, 231 AD2d 454 [1996]; *People v Johnson*, 205 AD2d 707 [1994]). Even if the finder of fact determined that the defendant had been intoxicated, an issue as to which there was conflicting testimony, such intoxication would not reduce the defendant's culpability; voluntary intoxication constitutes reckless conduct (*see People v Walker*, 58 AD2d 737, 738 [1977]). Moreover, it was within the trial court's power to consider criminally negligent homicide as a lesser-included offense of manslaughter in the second degree if the court had determined that manslaughter in the second degree had not been proven, but that there was a reasonable view of the evidence that the defendant had committed the lesser-included offense (*see* CPL 300.50 [1]; 320.20 [4];

*People v Henderson*, 41 NY2d 233, 235 [1976]). Thus, defense counsel's withdrawal of his application for consideration of criminally negligent homicide was not error (*see People v Walston*, 101 AD3d 1156, 1156-1157 [2012], *mod on other grounds* 23 NY3d 986 [2014]; *People v Moore*, 66 AD3d 707, 711 [2009], *affd* 15 NY3d 811 [2010]; *see also People v Stultz*, 2 NY3d 277, 287 [2004]).

Defense counsel's concession during summation that manslaughter in the second degree had been established also did not constitute error in the context of this case. The People had charged the defendant with manslaughter in the first degree as defined by Penal Law § 125.20 (1) and presented evidence in support of their contention that the defendant's act was intentional. Indeed, there can be no real dispute that the People established beyond a reasonable doubt that the defendant committed the act which caused the death of the victim; the crux of the issue at trial was whether the People established that the defendant possessed the requisite mens rea for a conviction on the charge of manslaughter in the first degree as charged, to wit, intent to cause serious physical injury, when he pointed the gun at the victim and pulled the trigger. The record makes apparent that defense counsel's strategy was to secure an acquittal on that count (*see People v Benevento*, 91 NY2d 708, 714-715 [1998]; *People v Evans*, 69 AD3d 649, 650 [2010], *affd* 16 NY3d 571 [2011]). In this context, defense counsel's concession as to manslaughter in the second degree is consistent with his strategy to persuade the court that the element of intent required for a conviction of manslaughter in the first degree had not been proven beyond a reasonable doubt and with his representation to the court immediately before the trial that the defendant was willing to plead guilty to a charge of manslaughter in the second degree. Moreover, we find that such hyperbole did not constitute error given the nonjury nature of this trial (*see People v Moreno*, 70 NY2d 403, 406 [1987]; *People v Smith*, 144 AD2d 709, 709 [1988]).

The defendant's contention that the sentence imposed by the Supreme Court for manslaughter in the second degree was unduly harsh and excessive is without merit (*see People v Perez*, 77 AD3d 974, 974 [2010]; *People v Marti*, 131 AD2d 597, 598 [1987]; *People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.