■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON SALAZAR, Appellant. [17 NYS3d 288]—

Judgment, Supreme Court, Bronx County (Joseph C. Teresi, J.), rendered April 22, 2013, convicting defendant, after a jury trial, of criminal possession of marijuana in the first degree, and sentencing him to a term of 3½ years, unanimously affirmed.

Defendant did not preserve his claim that the prosecution discriminated against "Hispanic males" in its exercise of peremptory challenges. Defense counsel, who made no reference to the ethnicity of his client or of any jurors or prospective jurors, failed to articulate such a claim (*see People v Stephens*, 84 NY2d 990 [1994]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the

merits. Regardless of whether the protections of *Batson v Kentucky* (476 US 79 [1986]) extend to groups defined by both ethnicity and gender, defendant did not produce "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (*Johnson v California*, 545 US 162, 170 [2005]), and there was nothing to prevent defendant from making a record to support a claimed prima facie case of discrimination.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence, including evidence of defendant's consciousness of guilt, to support the conclusion that he knowingly exercised dominion and control over a marijuana-growing operation in the basement of a building where he was employed as the superintendent. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.