■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CUATLAL, Appellant. [58 NYS3d 482]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 5, 2012, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his argument that criminally negligent homicide should have been charged as a lesser-included offense of manslaughter in the first degree (*see* CPL 470.05 [2]). However, the contention is without merit.

To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v James*, 11 NY3d 886, 888 [2008]; *People v Van Norstrand*, 85 NY2d 131, 135 [1995]). "In determining whether such a reasonable view exists, the evidence must be viewed in the light most favorable to defendant" (*People v Martin*, 59 NY2d 704, 705 [1983]). A request to charge a lesser-included offense must be granted if there is a reasonable view of the evidence to support it (*see People v Van Norstrand*, 85 NY2d at 136).

Contrary to the defendant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's request to charge criminally negligent homicide as a lesser-included offense of manslaughter in the first degree (*see People v Randolph*, 81 NY2d 868, 869 [1993]; *People v Bruno*, 127 AD3d 1101, 1102 [2015]; *People v Hill*, 266 AD2d 473, 474 [1999]; *People v Holloway*, 262 AD2d 500 [1999]; *People v Cameron*, 244 AD2d 350, 351 [1997]; *People v Stephens*, 198 AD2d 245, 245-246 [1993], *affd* 84 NY2d 990 [1994]; *cf. People v Heide*, 84 NY2d 943, 944 [1994]; *People v Dragoon*, 256 AD2d 653, 653-654 [1998]). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.