People v Everson (2018 NY Slip Op 00714)





People v Everson


2018 NY Slip Op 00714


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1205 KA 11-00995

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWNDELL EVERSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
SHAWNDELL EVERSON, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 2, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (five counts), criminal sale of a firearm in the third degree (four counts), criminal possession of a controlled substance in the fifth degree (two counts), criminal sale of a controlled substance in the fifth degree (two counts), robbery in the first degree (two counts), burglary in the first degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law § 160.15 [4]), one count each of burglary in the first degree (§ 140.30 [4]) and conspiracy in the fourth degree
(§ 105.10 [1]), and various other charges arising from the possession or sale of drugs and weapons. In appeal No. 2, defendant appeals from an order denying his motion to vacate the judgment of conviction pursuant to CPL 440.10.
Addressing appeal No. 1 first, we note that defendant was originally charged in three indictments that were later consolidated with crimes arising from eight separate incidents that occurred between November 2008 and April 2010.
We reject defendant's contention in his main brief that County Court lacked jurisdiction with respect to counts one through three of the consolidated indictment, charging crimes arising from defendant's possession and sale of a pistol that he acquired in the State of Ohio. The People established territorial jurisdiction within New York (see CPL 20.20 [1] [a], [c]). To the extent that defendant challenges venue in Onondaga County with respect to counts one through three, we also reject that challenge. Although defendant and his companions were stopped on the Thruway before they returned to Onondaga County from Ohio, defendant was properly tried in Onondaga County, inasmuch as "[c]onduct occurred in such county sufficient to establish . . . [a]n attempt or conspiracy to commit such offense[s]" (CPL 20.40 [1] [b]), i.e., the People established that, while in Onondaga County, defendant conspired with others to traffic weapons (see People v MacDonald, 63 AD3d 1520, 1521 [4th Dept 2009], lv denied 13 NY3d 746 [2009]).
The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support defendant's conviction of counts one through six (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing [*2]the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on those counts and the remaining counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention in his main brief that the conspiracy count was defective on the grounds that it alleged that defendant participated in multiple conspiracies (see generally People v Alfonso, 35 AD3d 269, 269 [1st Dept 2006], lv denied 8 NY3d 878 [2007]), and it failed to specify the underlying crimes that were the objects of the alleged conspiracies (see generally People v Wong, 133 AD2d 184, 185 [2d Dept 1987], lv denied 70 NY2d 878 [1987]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention in his main brief, the court properly concluded that a CPL 710.30 notice was not required with respect to statements that defendant made to an accomplice concerning the commission of a robbery. Those statements were made during a private conversation between defendant and the accomplice, and there was no evidence that, at the time of that conversation, the accomplice "was acting at the instigation or under the supervision of the police" (People v Jean, 13 AD3d 466, 467 [2d Dept 2004], lv denied 5 NY3d 764 [2005], reconsideration denied 5 NY3d 807 [2005]).
The record does not support defendant's contention in his main brief that the court refused to rule on his midtrial severance motion. Rather, the record establishes that the court's willingness to consider severance was contingent upon defendant's decision whether to testify, and when defendant elected not to testify, the motion was "implicitly but conclusively denied" (People v Gates, 152 AD3d 1222, 1223 [4th Dept 2017]; see People v Hampton, 113 AD3d 1131, 1132 [4th Dept 2014], lv denied 22 NY3d 1199 [2014], reconsideration denied 23 NY3d 1062 [2014], cert denied — US &mdash, 135 S Ct 2389 [2015]). The court, moreover, properly denied the motion, inasmuch as it was untimely (see CPL 255.20 [1], [3]; People v Wilburn, 50 AD3d 1617, 1618 [4th Dept 2008], lv denied 11 NY3d 742 [2008]), and defendant failed to demonstrate the requisite good cause for a discretionary severance (see People v Vickers, 148 AD3d 1535, 1536-1537 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]).
Contrary to defendant's contention in his main brief, we conclude that the court's instructions to the jury with respect to counts 9 and 19, each charging criminal sale of a firearm in the third degree under Penal Law § 265.11 (1), did not alter the theory of the prosecution with respect to those counts (see People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]).
The evidence at trial is legally sufficient to establish the predicate conviction supporting the conviction of five counts of criminal possession of a weapon in the third degree (Penal Law
§ 265.02 [1]; see generally Bleakley, 69 NY2d at 495). Thus, defendant's challenge in his main brief to those charges based upon the presentation of erroneous information to the grand jury concerning the predicate conviction is not reviewable on appeal (see CPL 210.30 [6]; People v Highsmith, 124 AD3d 1363, 1365 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]). The presentation of such erroneous information, moreover, was "not of such magnitude" as to have impaired the integrity of the grand jury and rendered its proceedings defective (People v Carey, 241 AD2d 748, 751 [3d Dept 1997], lv denied 90 NY2d 1010 [1997]; see People v Sheltray, 244 AD2d 854, 855 [4th Dept 1997], lv denied 91 NY2d 987 [1998]).
Defendant failed to preserve for our review his challenge in his main brief to all but one of several allegedly improper comments made by the prosecutor during summation (see CPL 470.05 [2]). In any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Cox, 21 AD3d 1361, 1364 [4th Dept 2005], lv denied 6 NY3d 753 [2005] [internal quotation marks omitted]).
Contrary to the final contention in defendant's main brief in appeal No. 1, the sentence is not unduly harsh or severe.
Contrary to the contentions in defendant's main and pro se supplemental briefs in both appeal Nos. 1 and 2, we conclude that defendant was provided meaningful representation at trial (see People v Baldi, 54 NY2d 137, 147 [1981]). Defendant failed to meet his burden of [*3]demonstrating the absence of a strategic or other legitimate explanation for defense counsel's alleged shortcomings (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Reed, 151 AD3d 1821, 1822 [4th Dept 2017], lv denied 30 NY3d 952 [2017]), including those that were alleged in defendant's CPL article 440 motion.
Addressing the remaining contentions in defendant's pro se supplemental brief in appeal No. 1, we conclude that the record does not support his contention that the court improperly deprived him of counsel of his choice when it relieved his first assigned attorney (cf. People v Griffin, 92 AD3d 1, 5-7 [1st Dept 2011], affd 20 NY3d 626 [2013]; see generally People v Childs, 247 AD2d 319, 325 [1st Dept 1998], lv denied 92 NY2d 849 [1998]). Nor does the record support defendant's contention that he was deprived of a fair trial as the result of the court's alleged bias against him (cf. People v Reynolds, 90 AD3d 956, 957 [2d Dept 2011]). We have examined defendant's remaining contention in his pro se supplemental brief and conclude that it is without merit.
In appeal No. 2, defendant contends in his main brief that his right to a public trial was violated when his family members and friends were excluded or removed from the courtroom. At the outset, we note that, while the right to a public trial is fundamental (see People v Martin, 16 NY3d 607, 611 [2011]), a claim that such right was violated requires preservation (see People v Alvarez, 20 NY3d 75, 81 [2012], cert denied 569 US 947 [2013]). Here, none of the alleged violations of defendant's right to a public trial was brought to the court's attention at a time when the court could have taken remedial action, and thus defendant's contention is not preserved for our review (see id.). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court