People v Johnson (2019 NY Slip Op 02897)





People v Johnson


2019 NY Slip Op 02897


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-01075
 (Ind. No. 1179-15)

[*1]The People of the State of New York, respondent,
v
Willie Johnson, appellant.


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered January 10, 2017, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination to deny the defendant's Batson challenge (see Batson v Kentucky, 476 US 79) to the prosecutor's exercise of peremptory challenges to strike two black prospective jurors. Once the prosecutor set forth a race-neutral reason for the peremptory strikes, the defendant failed to meet his burden of persuasion that the reason was pretextual (see People v Hecker, 15 NY3d 625, 663-664; People v Smocum, 99 NY2d 418, 422; People v Gonsalez, 144 AD3d 841, 842; People v Allen, 71 AD3d 778, 779). The defendant's claim that the prosecutor discriminated against "young adults" in the exercise of his peremptory challenges is unpreserved for appellate review, as it was not raised before the County Court (see People v Stephens, 84 NY2d 990, 992; People v Salazar, 132 AD3d 418, 418; People v Smith, 226 AD2d 566, 566). In any event, this contention is without merit, as "young adults" are not a cognizable group with regard to discrimination in jury selection (see People v Minucci, 68 AD3d 1017, 1018; People v Assi, 63 AD3d 19, 28, affd 14 NY3d 335). Furthermore, defense counsel's failure to renew his Batson challenge did not constitute ineffective assistance of counsel (see generally People v Virapen, 147 AD3d 981, 983; People v Hale, 147 AD3d 975, 976).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding the prosecutor's summation remarks are largely unpreserved for appellate review (see CPL 470.05[2]; People v Dien, 77 NY2d 885; People v Giddens, 161 AD3d 1191, 1193; People v Rosario, 149 AD3d 982, 983). In any event, the challenged summation remarks were fair comment upon the evidence, responsive to defense counsel's summation, or otherwise do not warrant reversal (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110; People v Carter, 152 AD3d 786, 786; People v Johnson, 127 AD3d 785, 786; People v Harris, 117 AD3d 847, 859, affd 26 NY3d 1). Furthermore, defense counsel's failure to object to those remarks did not constitute ineffective assistance of counsel (see People v Giddens, 161 AD3d at 1194; People v McGowan, 111 AD3d 850, 851).
The defendant's contention that the County Court violated the procedure for complying with CPL 310.30 set forth in People v O'Rama (78 NY2d 270) is unpreserved for appellate review (see CPL 470.05[2]; People v Clark, 28 NY3d 556, 566; People v Mack, 27 NY3d 534, 537). In any event, the court responded meaningfully to the jury's inquiry (see CPL 310.30).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court