People v Reed (2021 NY Slip Op 06521)





People v Reed


2021 NY Slip Op 06521


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


996 KA 15-00884

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHALEEF REED, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 30, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) in connection with a shooting death. Contrary to defendant's contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition to other evidence presented by the People, an eyewitness identified defendant as the shooter, and DNA evidence linked defendant to a hat recovered from the crime scene.
Defendant further contends that County Court erred in admitting a 911 call in evidence because the call contained inadmissible hearsay and also violated his constitutional rights to due process and confrontation. We conclude, however, that defendant's contention is not preserved for our review because, during the jury charge, "the court provided a curative instruction that, in the absence of an objection or a motion for a mistrial, 'must be deemed to have corrected the error to the defendant's satisfaction' " (People v Szatanek, 169 AD3d 1448, 1449 [4th Dept 2019], lv denied 33 NY3d 981 [2019], quoting People v Heide, 84 NY2d 943, 944 [1994]; see People v Johnston, 192 AD3d 1516, 1521 [4th Dept 2021], lv denied 37 NY3d 972 [2021]). Finally, we reject defendant's contention that he was denied effective assistance of counsel based upon defense counsel's failure either to object when the People offered the 911 call in evidence or to ask the court to strike the call from evidence after it was played for the jury. Although defendant did not receive error-free representation, "[t]he test is reasonable competence, not perfect representation" (People v Oathout, 21 NY3d 127, 128 [2013] [internal quotation marks omitted]). Viewing the evidence, the law, and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Stumbo, 155 AD3d 1604, 1605-1606 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court