■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOREEN CORDERO, Appellant.—Judgment of the Supreme Court, New York County (Howard E. Bell, J.), rendered May 15, 1985, convicting the defendant after a jury trial of assault in the first degree and attempted assault in the first degree, and sentencing her to concurrent indeterminate sentences of 1½ to 4 years and 1 to 3 years, respectively, unanimously modified, on the law, to reduce the defendant's conviction of attempted assault in the first degree to attempted assault in the second degree, and to remand the matter for resentencing on that count, and otherwise affirmed.

The defendant was convicted after a jury trial of assault in the first degree and attempted assault in the first degree, and sentenced to concurrent indeterminate sentences of 1½ to 4 years and 1 to 3 years, respectively. The conviction for assault in the first degree involved injuries that the defendant inflicted on Caroline Ryan. The conviction for attempted assault in the first degree involved injuries that the defendant inflicted on Anthony Ryan.

The evidence adequately supports the jury's verdict. However, as the People appropriately acknowledge, the court erred in denying the defendant's request to submit attempted assault in the second degree as a lesser included offense in connection with the injuries inflicted on Anthony Ryan, there being a reasonable view of the evidence that the defendant intended to inflict physical injury, but not serious physical injury, upon him. (See, CPL 300.50; People v Glover, 57 NY2d 61.)

Because of the People's further statement that no appropriate purpose would be served by retrying defendant separately with regard to the charges relating to the assault on Anthony Ryan since concurrent sentences were imposed, we reduce the defendant's conviction of attempted assault in the first degree to attempted assault in the second degree, and remand for resentencing on that conviction as reduced.

We have considered the defendant's other claims of error and find them to be without merit. Concur—Sandler, J. P., Sullivan, Carro and Ellerin, JJ.