■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 29, 1988, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice; the first and second counts of the indictment are dismissed, without prejudice to the People to re-present any appropriate charges with respect to the second count of the indictment to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726), and a new trial is ordered with the respect to the third and fourth counts of the indictment.

We agree with the defendant that the court erred in refusing the request to charge criminally negligent homicide as a lesser included offense of manslaughter in the second degree. Our review of the record points to a reasonable view of the evidence that the defendant may have been guilty of the lesser crime and not the greater *(see, People v Green,* 56 NY2d 427). Both the testimony of the prosecution witnesses and that of the defendant indicate that one could reasonably find that

the defendant did not intend to fire the weapon, that his act of approaching the victim was to inquire where the victim's friend was, and that the shotgun may have been accidentally discharged *(see, People v Stanfield,* 36 NY2d 467). "Whether the defendant perceived the risk of harm and consciously disregarded it (manslaughter, second degree) or negligently failed to perceive the risk (criminally negligent homicide) was * * * on this record for the jury, properly instructed, to say" *(People v Stanfield, supra,* at 471).

The defendant's contention that the trial court committed reversible error when it *sua sponte* submitted a verdict sheet to the jury which contained selected portions of the court's oral charge has not been preserved for appellate review since no objection was taken by the defense counsel *(see,* CPL 470.05 [2]). However, since there must be a new trial, we note that the submission of the verdict sheet to the jury constituted reversible error, inasmuch as it contained a list of the various counts of the indictment and only partially defined the elements of each count in a manner which was favorable to the prosecution's case *(see, People v Nimmons,* 72 NY2d 830; *People v Testaverde,* 143 AD2d 208; *People v De Long,* 134 AD2d 199).

The defendant's remaining contentions, including those relating to the sentence, have been rendered academic in light of our determination. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.