■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE T. BROOKS, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: The trial court erred in refusing defendant's request to charge criminally negligent homicide (Penal Law § 125.10), in addition to manslaughter in the second degree (Penal Law § 125.15), as a lesser included offense of murder in the second degree (Penal Law § 125.25 [1]). The record indicates that there is a reasonable view of the evidence that the defendant may have been guilty of criminally negligent homicide but not the greater crimes *(see, People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775). The testimony indicates that a

jury could reasonably find that defendant did not intend to fire the weapon, that the weapon discharged when he attempted to demonstrate how to release the hammer, that he was not aware of the risk of harm, and that the weapon may have been accidentally discharged *(see, People v Stanfield,* 36 NY2d 467; *People v Davis,* 155 AD2d 609). Under the circumstances, it was for the jury to determine whether the defendant intentionally caused the victim's death (murder in the second degree) *or* perceived the risk of harm and consciously disregarded it (manslaughter in the second degree) *or* negligently failed to perceive the risk (criminally negligent homicide). Therefore, defendant's conviction for manslaughter in the second degree is reversed and the sentence vacated with leave to the People to re-present appropriate charges to another Grand Jury. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—manslaughter, second degree.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.