■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN KNOWLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 13, 1989, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the

indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The facts have been considered and are determined to have been established.

We agree with the defendant that the trial court erred in refusing to charge criminally negligent homicide as a lesser-included offense of manslaughter in the second degree.

In this respect, an eyewitness to the crime testified that the victim was watching television and that the defendant was playing with a gun, pointing it at a clock in the room and clicking the trigger. The gun did not go off and, the eyewitness testified, she thought the gun was unloaded. The defendant then spun the "barrel" of the gun, looked into it, pointed it at the victim's head, and shot him. Although in this case a jury could reasonably conclude that the defendant perceived and disregarded the risk *(see,* Penal Law § 125.15 [1]; § 15.05 [3]), thus fulfilling the statutory definition of manslaughter in the second degree, we cannot say that no reasonable view of the evidence would support a finding that the defendant was guilty of criminally negligent homicide, and not of manslaugh-

ter in the second degree *(see, People v Cabassa,* 79 NY2d 722). By refusing to charge criminally negligent homicide, the court deprived the jury of the opportunity to consider criminal negligence or to interpret the facts in a way that would meet the definition of criminal negligence.

In light of our determination, we need not address the defendant's remaining contentions. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.