■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO IRIZARRY, Appellant. [623 NYS2d 611] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 16, 1992, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's conviction of manslaughter in the second degree under count one of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726); as so modified, the judgment is affirmed.

We agree with the defendant that the trial court erred in refusing his request to charge criminally negligent homicide (Penal Law § 125.10), in addition to, inter alia, manslaughter in the second degree (Penal Law § 125.15), as a lesser-included offense of murder in the second degree (Penal Law § 125.25 [1]), the first count of the indictment. Our review of the record indicates that there was a reasonable view of the evidence, viewed in the light most favorable to the defendant (see, People v Johnson, 45 NY2d 546), that the defendant may have been guilty of the lesser crime and not the greater (see, CPL 300.50 [1]; People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427; cf., People v Randolph, 81 NY2d 868). More particularly, the defendant's statements to law enforcement officials indicate that a jury could reasonably find that the defendant did not intend to fire the weapon in question, and that it discharged accidentally when he tried to recover it from his companion (see, People v Stanfield, 36 NY2d 467; see, e.g.,

*People v McInnis,* 179 AD2d 781, 782; *People v Brooks,* 163 AD2d 832, 833; *People v Davis,* 155 AD2d 609; *cf., People v Randolph, supra; People v Jenkins,* 176 AD2d 348, 349; *People v Thomches,* 172 AD2d 786, 787). "Under [these] circumstances, it was for the jury to determine whether the defendant intentionally caused the victim's death (murder in the second degree) *or* perceived the risk of harm and consciously disregarded it (manslaughter in the second degree) or negligently failed to perceive the risk (criminally negligent homicide)" *(People v Brooks, supra,* at 833 [emphasis in original]; *see, People v Stanfield, supra; People v Davis, supra).*

However, contrary to the defendant's contentions, this error does not warrant reversal of his conviction for criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), inasmuch as there was sufficient evidence adduced at trial that the act underlying that count of the indictment was not factually related to the acts underlying the counts of the indictment which emanated from the actual shooting in question. Accordingly, we reverse only the defendant's conviction of manslaughter in the second degree, vacate the sentence only insofar as imposed thereon, and dismiss only the first count of the indictment, without disturbing the defendant's conviction for criminal possession of a weapon in the third degree, or the sentence imposed with respect thereto *(cf., People v McDaniel,* 81 NY2d 10; *People v Cohen,* 50 NY2d 908, 910; *People v Jackson,* 140 AD2d 458, 459-460).

The defendant's remaining contentions, including those with respect to the propriety of the sentence imposed, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.