■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CAMERON, Appellant. [663 NYS2d 657] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered June 13, 1995, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there is no reasonable view of the evidence which would support a finding that he was not aware of the risk of death in holding a loaded and uncocked gun to the victim's head to warrant a charge of criminally-negligent homicide as a lesser-included offense of manslaughter in the second degree (*see, People v Williams*, 192 AD2d 737; *People v Jenkins*, 176 AD2d 348; *compare, People v Stanfield*, 36 NY2d 467; *People v Irizzary*, 213 AD2d 425; *People v Knowles*, 186 AD2d 149; *People v Davis*, 155 AD2d 609).

The defendant's contention that his right to be present at material stages of the trial was impinged when the exercise of the peremptory challenges and challenges for cause was made in the hallway in his absence is without merit. The defendant fully participated in the selection of a jury through his discussions with his counsel. Indeed, he agreed with his counsel's representation to the court that "[the defendant] ha[d] in fact exercised challenges through me in the hall". By taking full opportunity to consult with his counsel after the voir dire and prior to as well as during the challenges, the defendant was "sufficiently present" in giving a meaningful voice to the selection of the jury (*People v Abushatara*, 176 AD2d 946; *see also, People v Montgomery*, 213 AD2d 563, *affd* 88 NY2d 926; *People v Whitmore*, 177 AD2d 525; *People v Knight*, 173 AD2d 646).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.