◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRYANT, Appellant. [903 NYS2d 537]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered March 14, 2007, convicting him of attempted murder in the first degree manslaughter in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of manslaughter in the first degree to a conviction of manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the reduced conviction.

The defendant and his accomplice attempted to rob an individual at gunpoint. During the attempted robbery, the gun, which the defendant carried, fired twice. The first shot struck and killed the accomplice, and the next shot struck the robbery victim in the forehead, seriously injuring him.

At trial, with regard to the shooting death of the accomplice, the Supreme Court submitted for the jury's consideration the charge of murder in the second degree and the lesser-included offense of manslaughter in the first degree. The Supreme Court denied, however, the defendant's request to submit the charge

*of manslaughter in the second degree.* A jury convicted the defendant, inter alia, of manslaughter in the first degree (*see* Penal Law § 125.20 [1]).

The defendant contends that the Supreme Court erred in denying his request to charge manslaughter in the second degree, arguing that the jury could have concluded that his actions were reckless rather than intentional (*see People v James*, 11 NY3d 886, 888 [2008]; *People v Green*, 56 NY2d 427 [1982]; *cf. People v Dennis*, 208 AD2d 945 [1994]). As correctly conceded by the People on appeal, it was error for the Supreme Court to deny the defendant's request for a charge on manslaughter in the second degree under the facts adduced at trial (*see People v Irizarry*, 213 AD2d 425 [1995]). There was a reasonable view of the evidence, viewed in the light most favorable to the defendant, that the defendant may have been guilty of the lesser crime and not the greater (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Green*, 56 NY2d 427 [1982]; *People v Henderson*, 41 NY2d 233, 236 [1976]; *People v Stevens*, 186 AD2d 832 [1992]). Based upon the defendant's testimony at trial, a jury could have reasonably found that he did not intend to fire the shot which struck the accomplice (*see People v Irizarry*, 213 AD2d at 425-426). The People consent to forgo a new trial to correct this error and, therefore, we reduce the defendant's conviction from manslaughter in the first degree to manslaughter in the second degree, and remit the matter to the Supreme Court, Kings County, for resentencing on that reduced conviction (*see People v Moody*, 278 AD2d 862 [2000]; *People v Deboue*, 234 AD2d 558 [1996]; *People v Cordero*, 128 AD2d 400 [1987]).

There is no merit to the defendant's contention that the error influenced the verdict on his conviction of attempted murder in the first degree arising from the shooting of the robbery victim (*see People v Clarke*, 7 AD3d 537 [2004]). Given the strength of the evidence supporting the attempted murder conviction, the verdict on the tainted count did not influence the verdict on the other counts in a meaningful way (*see People v Doshi*, 93 NY2d 499 [1999]; *People v Francis*, 303 AD2d 598 [2003]; *People v Smith*, 221 AD2d 485 [1995]).

The defendant's remaining contention is without merit. Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.