■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PERRY, Appellant. [916 NYS2d 141]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 19, 2008, convicting him of criminally negligent homicide and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count.

The defendant was indicted for murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. At the charge conference, the Supreme Court agreed to charge the jury on the crimes of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, criminally negligent homicide, and criminal possession of a weapon in the second degree. The defendant requested, inter alia, that the Supreme Court also submit the lesser-included offense of criminal possession of a weapon in the fourth degree to the jury. The Supreme Court denied the defendant's request. The defendant was acquitted of murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree, and convicted of criminally negligent homicide and criminal possession of a weapon in the second degree.

On appeal, the defendant contends that the Supreme Court erred in refusing to charge criminal possession of a weapon in the fourth degree, as a lesser-included offense of criminal possession of a weapon in the second degree to the jury, based upon a reasonable view of the evidence that the shooting was not intentional and the defendant did not possess the weapon with the intent to use it unlawfully against another.

Under the facts adduced at the trial, it was error for the

Supreme Court to fail to charge criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [1]) as a lesser-included offense of criminal possession of a weapon in the second degree (*see* Penal Law former § 265.03 [2]) as requested by the defendant (*see People v Irizarry*, 213 AD2d 425 [1995]). Viewed in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Henderson*, 41 NY2d 233, 236 [1976]), there was a reasonable view of the evidence that the defendant may have been guilty of the lesser crime and not the greater (*see People v Rivera*, 15 NY3d 844 [2010], *revg* 72 AD3d 576 [2010]; *People v Chatman*, 122 AD2d 148, 149 [1986]). Accordingly, we modify the judgment, vacate the conviction of criminal possession of a weapon in the second degree and the sentence imposed thereon, and remit the matter to the Supreme Court, Kings County, for a new trial on that count.

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.