[967 NE2d 1195, 944 NYS2d 750]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES
PERRY, Respondent.

Argued February 9, 2012; decided April 3, 2012

## POINTS OF COUNSEL

*Charles J. Hynes, District Attorney,* Brooklyn (*Thomas M. Ross* and *Leonard Joblove* of counsel), for appellant. The court was not required to submit simple possession of a weapon as a lesser included offense of possession of a weapon with intent to use it unlawfully against another, because, even if defendant's statements were credited, there was no reasonable view of the evidence that defendant possessed the gun without intending to use it unlawfully against another. (*People v Van Norstrand,* 85 NY2d 131; *People v Scarborough,* 49 NY2d 364; *People v Discala,* 45 NY2d 38; *People v Negron,* 91 NY2d 788; *People v Pons,* 68 NY2d 264; *People v Almodovar,* 62 NY2d 126; *People v Romero,* 71 AD3d 795; *People v Durand,* 188 AD2d 747; *People v Frazier,* 141 AD2d 561; *People v Rivera,* 15 NY3d 844.)

*Chadbourne & Parke LLP,* New York City (*Thomas E. Butler* and *Keith Levenberg* of counsel), and *Appellate Advocates* (*Lynn W.L. Fahey* of counsel) for respondent. The Appellate Division correctly held that the trial court's failure to charge the lesser-included offense mandated the vacatur of James Perry's conviction for criminal possession of a weapon in the second degree. (*People v Van Norstrand,* 85 NY2d 131; *People v Chatman,* 122 AD2d 148; *People v Padgett,* 60 NY2d 142; *People v Scarborough,* 49 NY2d 364; *People v Rivera,* 15 NY3d 844; *People v Pons,* 68 NY2d 264; *People v Pulley,* 302 AD2d 899; *People v Johnson,* 74 AD3d 1912; *People v Pearce,* 283 AD2d 1007; *People v Ellis,* 233 AD2d 692.)

## OPINION OF THE COURT

SMITH, J.

Defendant was convicted of possessing a weapon with the intent to use it unlawfully against another, after he admitted

that he displayed a gun to a man in order to frighten him. We hold that there is no reasonable view of the evidence on which defendant possessed the weapon without any intention to use it unlawfully.

The case arises out of an encounter between defendant and Anthony Baker, at the end of which Baker was killed by a gunshot. There were no witnesses to the shooting, and defendant did not testify at trial. He did make several oral and written statements before trial, which were admitted into evidence. In those statements, he said that, on the morning of the day in question, he was told by a third person that Baker wanted defendant dead and that Baker was going to shoot defendant, defendant's mother, his sister and his child's mother. Defendant then sought out Baker and had a conversation in which Baker in substance admitted making the threats, but refused to repeat them. During the conversation, Baker "came close" to defendant and defendant "kept pushin him away." Defendant "grabbed him" and they started "to tustle." Defendant then "grabbed the gun and pulled it out to scare him so he would back up off me." In defendant's account, Baker "kept swinging" at defendant, and the gun went off by accident. There was no evidence that Baker had a weapon at the time of the encounter.

The jury apparently accepted defendant's version of events, acquitting him of murder and manslaughter charges, but convicting him of criminally negligent homicide and criminal possession of a weapon in the second degree. Only the weapons possession charge is at issue here. At the relevant time, the statute under which defendant was convicted required proof of the possession of a loaded firearm "with intent to use the same unlawfully against another" (former Penal Law § 265.03). Defendant unsuccessfully asked the trial court to submit, as a lesser included offense, criminal possession of a weapon in the fourth degree, which is committed by possession of any firearm (Penal Law § 265.01 [1]). Defendant was entitled to have the lesser count submitted if there was "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1], [2]).

The Appellate Division vacated defendant's conviction of second-degree weapon possession and ordered a new trial on that count (81 AD3d 665 [2011]). A Judge of this Court granted

the People leave to appeal, and we now reverse. We see no reasonable view of the evidence on which defendant did not, while possessing a firearm, at least intend to commit the crime of menacing. His statements amount to a confession that he intentionally committed that crime.

Menacing in the second degree is committed by one who "intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon" (Penal Law § 120.14 [1]). That is exactly what defendant did when, by his own account, he showed Baker a gun "to scare him." Defendant argues that he could have asserted a justification defense to a menacing charge, but no reasonable view of the evidence supports that conclusion.

Otherwise criminal conduct is justifiable when it

"is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur . . . which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue" (Penal Law § 35.05 [2]).

Defendant claimed that he tried to "scare" Baker because the men had started to tussle and defendant wanted "to back him off me." Frightening a man with a gun is not a justified "emergency measure" for ending a tussle, or a fistfight. It would be justified in defense of one's own life, but defendant never said that he was afraid, during their encounter, that Baker would kill him, or even that he believed that Baker had a weapon. It was defendant himself who sought out the confrontation, who pressed Baker to admit to making threats against him, and who "grabbed him" when Baker, while crowding defendant physically, refused to repeat his threats. Nothing in the record supports a reasoned conclusion that defendant was so frightened by the threats he had heard earlier in the day that he thought he would be killed or gravely harmed if he did not scare Baker off.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, defendant's conviction of criminal possession of a weapon in the second degree reinstated and the case remitted to the Appellate Division for consideration of the facts (*see* CPL 470.25 [2] [d]; 470.40 [2] [b]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order, insofar as appealed from, reversed, etc.