People v Zhen C. Li (2024 NY Slip Op 01940)

People v Zhen C. Li

2024 NY Slip Op 01940

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2012-04369
 (Ind. No. 2777/10)

[*1]The People of the State of New York, respondent,
v
Zhen C. Li, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey and Martin Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Marie John of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alan D. Marrus, J.), rendered April 16, 2012, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by reducing the conviction of manslaughter in the first degree to manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.
The defendant was charged with, inter alia, murder in the second degree arising out of a shooting that occurred in March 2010. The trial evidence established that during a physical altercation between the defendant and two individuals, the defendant removed a gun from his waistband and released the safety. The gun then fired, with one shot striking and killing one of the individuals.
At trial, the Supreme Court submitted for the jury's consideration the charge of murder in the second degree and the lesser included offense of manslaughter in the first degree. The court, however, denied the defendant's request to submit the charge of manslaughter in the second degree. The defendant was convicted of manslaughter in the first degree (Penal Law § 125.20[1]) and criminal possession of a weapon in the second degree (id. § 265.03[3]).
The defendant contends that the Supreme Court erred in denying his request to charge manslaughter in the second degree, arguing that the jury could have concluded that his actions were reckless rather than intentional (see People v James, 11 NY3d 886, 888; People v Green, 56 NY2d 427; cf. People v Dennis, 208 AD2d 945). As correctly conceded by the People on appeal, it was error for the court to deny the defendant's request for a charge of manslaughter in the second degree under the facts adduced at trial (see People v Bryant, 74 AD3d 1221, 1221-1222; People v Irizarry, 213 AD2d 425). There was a reasonable view of the evidence, viewed in the light most favorable to the defendant, that the defendant may have been guilty of the lesser crime but not the greater (see People v Martin, 59 NY2d 704, 705; People v Green, 56 NY2d at 430). Based upon the trial [*2]evidence, a jury could have reasonably found that the defendant did not intend to fire the shot which struck and killed one of the individuals (see People v Bryant, 74 AD3d at 1221-1222; People v Irizarry, 213 AD2d at 425-426). The People consent to forgo a new trial to correct this error, and therefore, we reduce the defendant's conviction from manslaughter in the first degree to manslaughter in the second degree, and remit the matter to the Supreme Court, Kings County, for sentencing on that reduced conviction (see People v Bryant, 74 AD3d at 1221-1222; People v Moody, 278 AD2d 862; People v Deboue, 234 AD2d 558).
The defendant contends that the Supreme Court deprived him of a fair trial by failing to provide the jury with a complete charge on the defense of justification. This contention is unpreserved for appellate review, since the defendant failed to either request that the charge include additional language, or object to the charge as given (see CPL 470.05[2]; People v Edwards, 160 AD3d 658, 658-659; People v Stewart, 71 AD3d 797, 798), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's contention regarding the Supreme Court's supplemental instruction to the jury, given in response to the jury's note as to the differences between the murder and manslaughter charges, is without merit (see generally People v Bolling, 7 NY3d 874, 875; People v Williams, 150 AD3d 902, 904).
The defendant failed to preserve for appellate review his contention that the Supreme Court's instructions and certain statements during jury selection regarding the defendant's failure to testify deprived him of a fair trial (see CPL 470.05[2]; People v Autry, 75 NY2d 836, 838-839; People v Gargano, 222 AD2d 694, 695). In any event, this contention is without merit. To the extent that the court departed from the statutory language of CPL 300.10(2) in its instructions, the charge was neutral in tone, consistent in substance with the intent of the statute, was not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify, and did not imply that the defendant's failure to testify was merely a trial maneuver rather than a constitutional right (see People v Maples, 276 AD2d 643, 644; People v Odome, 192 AD2d 725, 726; People v Gonzalez, 167 AD2d 556, 557).
The defendant's contention that the ruling of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), rendered the entire firearm licensing system of New York State unconstitutional, is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, ____ NY3d ____, ____, 2023 NY Slip Op 05968, *3-8; People v Guyton, 222 AD3d 879, 879). In any event, the defendant's contention is without merit, as the ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Wilson, 222 AD3d 1006, 1009; People v Joyce, 219 AD3d 627, 628; People v Manners, 217 AD3d 683, 686).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Burgess, 204 AD3d 1036, 1037; People v Perez, 169 AD3d 720).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court